Day, J.
The action in the lower court, was by Ida Geyer against John A. Hall, and was to recover one-half the cost of building a party wall, erected on the division line of lots 104 and 105, in the city of Tiffin. Geyer asserted a right of recovery by reason of her ownership of lot 105 and the building thereon, including the wall in question, the right and title of which she acquired directly, by proper conveyances,from different persons in line from Lewis Wisler, who was the owner of lot 105, and constructed the building *231 -thereon in 1874-5. She asserts in her petition that before the construction of the building and wall in question, Wisler first obtained an easement- or right to construct the party wall irom John A. Hall, who was then and now the owner of lot 104, with the understanding and agreement that Hall was not to incur any present liability on account of the wall, or until he used the same for purposes •of an adjoining building; at which time and not before, he was to pay one-half the expense of constructing it. She shows that in 1894, Hall did make use of the wall for his adjoining building, as a party wall, and that he refuses to -pay for the same although requested to do so.
Hall’s answer is first, in effect, a general denial of plaintiff’s claim; denial of the alleged agreement between Wisler and himself, by which he agreed to pay one-half the cost ■of the wall to the owner of the building, and a denial of all liability in the premises. Pleading further, Hall assets that Lewis Wisler, the owner of lot 105, and the builder of the wall, while such owner, released and discharged him of ■all liability on account of the said wall. There is another ■defense set up — that of res adjudicate, that the identical ■question made in this case was litigated in a former case and determined upon a hearing on the merits, by a court ■having jurisdiction of the subject matter, so it cannot with propriety be further litigated. A reply denies a release =and discharge of Hall from liability, by Wisler, and denies ■former adjudication.
The issues thus joined were tried to the court, the parties waiving a jury,resulting in a finding and judgment in favor ■of Mrs. Geyer,for $592.20, after the overruling of a motion for new trial. Hall excepted to all this, secured a proper bill of exceptions containing all the evidence had on the trial and showing the ruling of the court on the admission of evidence,and filed it in this court with a petition in error, seeking a reversal of the jxxdgment and a new trial of the case, *232 because of errors, said to be apparent on the face of the-record.
It is said in the petition in error that the court of common pleas erred: 1. In admitting and in rejecting evidence-on the trial, to which exception was taken and noted at the-time. 2. ' That the finding and judgment is not supported by sufficient evidence, and is contrary to law.
The assignments 'of error in the. petition are nine as. therein numbered, two of which I have stated, viz: Errors in. the matter of ruling as to the admissibility of evidence, and that the finding is not supported by sufficient evidence.
1. As to the errors claimed in the ruling on the admissibility of evidence: Dr. H. C. Wells was offered as a witness in behalf of defendant and asekd the question, in substance: “What, if anything, did Lewis Wisler tell you, in> 1880, as to any amount due him from Hall for this party wall?” On objection by counsel for plaintiff, the court-ruled the witness should not answer the question. It was. said, “If the witness was allowed to testify, that in 1880, Lewis Wisler told him, that he had donated one-half of the wall of the building to John A. Hall.” There was no error-in this. The answer was properly ruled on, at least, two-grounds: 1. It was not competent to show the oral declarations of Wisler discrediting, in some degree, the title of' property which he, before that time, had owned, and under general covenants of warranty, conveyed away. 2. It was not competent to show a donation of real estate, which this-wall is, by the oral declarations of the alleged donor; especially where the alleged donor has before that time, by a proper deed, solemnly executed, conveyed the same real estate to another person.
Again, John A, Hall was produced as a witness in his own behalf, and asked the question:
“State if Harry Wisler was present at any time when you and his father, Lewis Wisler, made any arrangement or-agreement respecting this party wall?”
*233 The question was objected to and the answer excluded, to which ruling an exception was noted. It was stated that Mr. Hall, if permitted, would testify “that he had but one conversation with Lewis Wisler as to the building of this-party wall; that Harry Wisler was not present at that one;, and that witness would state the whole contract and agreement between Lewis Wisler and himself; that the agreement was, that Hall was not to pay anything for the stone part of the wall, at any time; that all Hall was to pay, was-to be paid to Lewis Wisler, and was to be one-half the-cost of the brick part of the wall, and only of so much of said brick as Hall might thereafter use,to be paid for when used.” The question itself was a very innocent one, and very likely proper; yet, the information likely to be elicited by it,could not be important as bearing on any of the issues-in the case, and therefore, its exclusion could not be prejudicial. It would seem, from the statement of .counsel, as-to what the answer would be, that counsel was expecting-under cover of a very innocent question, to prove a great deal more than the law of evidence would allow, and very much of which testimony the statute expressly incapacitates-Mr. Hall to give. Hall was a party, and plaintiff was claiming as an assignee of a deceased person, and sec. 5242,Rev. Stats., precludes him from testifying at all, unless he first brings himself within some one of the exceptions stated in that section, which was not done or attempted. In view of the fact that the information called for by the question was-not important, had been given by the witness before that, and its exclusion non-prejudicial to plaintiff in error, we cannot find or say the lower court was in error. Hall was-further asked, see page 15 of the bill of exceptions, whether Mr. Lewis Wisler at any time released him from the obligation to pay for one-half of the wall. This was also properly-excluded. Sec. 5242, as we have seen, made him incompetent. Death had closed the mouth of Lewis Wisler, and! the law put a seal on that of Hall.
*234 2. Was he finding and judgment not supported by sufficient evidence, and therefore contrary to law? is the remaining question.
Most of the material facts are agreed upon by the parties, and stated in the bill of exceptions. These facts are,in substance: That Mrs. Geyer owns the lot 105 with the appurtenances; that it came to her by proper conveyances from Lewis Wisler,now deceased; that Hall, then and now, owned lot 104; in 1874, Lewis Wisler built, on lot 105, a three story brick building, now, and for years, used as a hotel; lire south wall of said building stands one-half on and along ■the south line of lot 105, and one-half on the north line of lot 104. One-half the value of the wall is 1592.20. It is destiHed by Henry Wisler, a son of Lewis, that before the building was undertaken by his father, there was a conference and- transaction between his father and Hall,with reference to the building of a party wall; that Hall assented to the.placing of the wall, one-half of it, on the lot line of lot 104; gave permission to occupy sufficient space on his lot 104, for that purpose, but stipulated that Wisler was to be at the entire expense of building the wall, and that he, Hall, was not to be liable for an'y portion of such expense, and was not to pay any part of it, until such time as he desired •to use the said wall for his own building, when he was to pay one-half of the original cost of it. It is undisputed •that Hall, in 1894, erected a building on lot 104, and used the said wall as one of the walls of is said buliding, and Ire has paid nothing for the wall to any person. The testimony of Henry M. Wisler is not controverted, otherwise than by Hall,who says Henry M. was not present when the ■contract was made. These facts, admitted, and proven by the weight of evidence, abundantly show a contract, concerning real estate — a party wall — in which some title or (right in the nature of an easement, was acquired in Hall’s lot 104, upon which to rest one-half of a division wall, and *235 for lateral support, so long as the -wall should endure; and Hall acquired a title or right in the entire wall, upon certain stipulated conditions, to use the wall for his own proper purposes. The contract, it is true, in the begining, rested only in parol; but there was a good consideration passing, and it was subsequently so far executed as to relieve it from the imputation of the statute of frauds and perjuries; SO’ that, as a matter of law, it constituted a valid, enforceable contract for tille and interest in real estate — a contract having reference to land and concerning title and rights in land, and of such nature and import, as readily indicates its character, and fixes its place in the classification of contracts, as one of those which, in legal parlance and in consonance, with the great weight of the decisions on the subject, are denominated “Contracts or Covenants running with the land.” The portion of the agreement on the part of Hall,in which it is stipulated, that he was to be free of liability for any part of the cost of constructing the wall until he used it, at which rime he was to pay his portion of the expense of constructing it, was part of the contract;— one of the stipulations of it, and with the other stipulations and conditions, all together, constituted an entire contract or covenant,all of which would have’reference to an interest in, and would follow the land; unless there was something in the contract itself which would separate that part of the contract from its context, and make it independen and personal between the contracting parties; or, unless the contracting parties subsequently and before Wisler parted' with his title, by contract, duly made, and based upon a good consideration, released Hall from the obligation to pay. Both of these claims are asserted for Mr. Hall, the one of release from the obligation to pay, in his answer; and the one that the obligation to pay became and was personal, by counsel in argument; and the correctness, or otherwise, of these claims, or either of them, was the prob- *236 lorn the court'below was called upon to solve, from a consideration of all the evidence before it.
On the question of the release of Hall from liability by Wisler, there was an absolute, total failure of proof; and there was a dearth of evidence as to the other proposition. The only particles of evidence that would seem, in any degree, to warraut a belief that the contract to pay for the wall when used was, or became, personal, was the statement of Henry M. Wisler, that Hall agreed to pay his father •one-half the cost when he came to make use of the wall. We think that statement supplies a base, entirely too attenuated, upon which to rest the claim cf personal contract-, •or personal liability, and does not warrant it. It must be borne in mind the contract was oral, no part of it was in writing, and made more than twenty years before the wit_ •ness stated his recollection of it, and the details of the talk must necessarily have faded from memory and became vague and indefinite, so that the witness could not only, in the very nature of things, recall the more prominent or salient propositions of the transaction. In this view the transaction and the testimony of the witness must be reasonably construed and interpreted, in the light of the attending and •surrounding circumstances, and keeping in.mind the attitude, •object and conduct of the parties at the time of the contract, and what was done, and their conduct subsequently. Interpreted in this'way, beyond the fact that the persons making the agreement were Lewis Wisler and John Á. Hall,there is absolutely no fact, or circumstance, or suggestion ■even, that the obligation of Hall to pay, sometime in the future, was intended to be personal to Wisler, or that the parties were intending to do other than make an entire contract concerning real estate by which the one party was to ■construct a party wall, and the other was to pay his just portion of its cost when he used it for his own benefit^ We think the court below was justified in finding, as we think *237 :it must have found, that the decided weight of the evidence was'to the effect that the contract to pay one-half the cost of the wall was not severed from the balance of the contract, and so became a personal claim in favor of Wisler, but that it remained a part of the entire contract with respect to land, running with it, and becoming an appurtenance to the land, and so passing to the assignee thereof.
Seney <& Sayler, for Plaintiff in Error.
McCauley & Weller, for Defendant in Error.
We do not ground our approval of the finding of the lower court upon the rule, that there being a conflict of evidence as to the issues involved, which that court could the better weigh, and having done so, we -could not find its findings manifestly wrong, and so approve it; but we distinctly want to place our approval of the lower court’s action upon the ground that the finding is precisely right and in accord with the clear weight of the evidence.
- We find no error,and the judgment is affirmed, with costs.